UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CANDY GUAJARDO, }
}
    Plaintiff, }
VS. } CIVIL ACTION NO. H-08-119
}
GC SERVICES, LP, }
}
    Defendant. }

## **OPINION & ORDER**

Pending before the Court is Plaintiff Candy Guajardo's motion for summary judgment (Doc. 34) and Defendant GC Services, LP's response and, in the alternative, motion for continuance (Doc. 38). Upon review and consideration of these motions, the reply thereto (Doc. 39), the relevant legal authority, and for the reasons explained below, the Court finds that Plaintiff's motion for summary judgment (Doc. 34) should be denied.

I. Background and Relevant Facts

On January 9, 2008, Plaintiff Candy Guajardo ("Guajardo") filed suit against GC Services, LP ("GC Services") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Texas Debt Collection Practices Act, Tex. Fin. Code Ann. §§ 392.001 *et seq.*, and the Texas Deceptive Trade Practices Act, Tex. Fin. Code Ann. § 392.404(a). (Doc. 1.) Plaintiff filed her amended complaint on June 18, 2008, requesting relief in the form of a declaratory judgment as well as actual and punitive damages. (Doc. 17.) On August 31, 2009, Plaintiff filed the instant motion for summary judgment. (Doc. 34.) Defendant GC Services filed its response and, in the alternative, motion for continuance on

September 21, 2009, asking the Court to deny Plaintiff's motion or permit GC Services additional time to find and depose its former employees involved in handling Guajardo's account. (Doc. 38, ¶¶58–62.)

This dispute stems from an effort by Defendant GC Services to collect $400.45 on Guajardo's allegedly delinquent Sprint personal telephone service account. (Doc. 34 at 1.) Gaujardo alleges that, in an effort to collect this debt, GC Services mailed letters to Plaintiff's home address and placed threatening and harassing telephone calls to her place of employment. In one phone conversation, Guajardo alleges that an employee of GC Services demanded "payment in full within 24 hours or else." (Doc 34, Exh. C at 8.) In another conversation, Defendant's employee allegedly stated, "I can tell the kind of life you live by the fact that you don't pay your bills on time[,]" and, when Guajardo attempted to explain her medical condition, she was called a "liar." (Id. at 33–37.)

Guajardo moves for summary judgment, presumably pursuant to Fed. R. Civ. P. 56(c). (Doc. 34.) GC Services contends that material questions of fact remain to be determined at trial and thus summary judgment for the Plaintiff would be improper. (Doc. 38, ¶5.)

II.  Legal Standards on a Motion for Summary Judgment

A party moving for summary judgment under Rule 56(c) must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).  The substantive law governing the suit identifies

the essential elements of the claims at issue and, therefore, indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).

A plaintiff moving for summary judgment must satisfy its burden by submitting proof that establishes all elements of its cause of action as a matter of law. *San Pedro v. U.S.*, 79 F.3d 1065, 1068 (11th Cir. 1996). Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)). Instead, the nonmoving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental*

*Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992).  Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990).  Nor is the Court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins*, Inc., 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party.  *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988).  The nonmoving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue.  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).  In reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible, though it may not be in admissible form.  *See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.,* 831 F.2d 77, 80 (5th Cir. 1988).

III. Discussion

The FDCPA was passed by Congress in response to abusive conduct by collection agencies and concern that such abuses lead to an increase in personal bankruptcies, marital instability, loss of jobs, and invasions of privacy. 15 U.S.C. § 1692(a). The goal of the Act is to provide guidelines for collection agencies seeking to collect legitimate debts, while providing protections and remedies to debtors dealing with predatory collectors. "To succeed on a claim under the Fair Debt Collection Practices Act, a plaintiff must first show that the money being collected qualifies as a 'debt' under the statute. 15 U.S.C. § 1692a(5). Second, the collecting entity must qualify as a 'debt collector.' 15 U.S.C. § 1692a(6). Third, a plaintiff must show that the debt collector violated 15 U.S.C. §§ 1692–1692o." *Berndt v. Fairfield Resorts, Inc.*, 337 F. Supp. 2d 1120, 1128 (W.D. Wis. 2004). Specifically, the FDCPA prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. For example, "engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number[,]" constitutes a violation. 15 U.S.C. § 1692d(5). Furthermore, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and "may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e–1692f.

The parties do not appear to dispute that GC Services is a debt collector and that it was attempting to collect a debt from Guajardo, a consumer, as defined by 15 U.S.C. §§ 1692a(3)–(6). Therefore, the question remaining for the purpose of resolving Plaintiff's summary judgment motion is whether Guajardo can show that, as a matter of law, GC Services engaged in proscribed conduct under the FDCPA. As the movant for summary judgment, Guajardo bears

the burden of proving each element of her causes of action as a matter of law.  It is certainly possible that the natural consequence of GC Services' conduct was to "harass, oppress, or abuse" Guajardo, but this is not sufficiently clear from the facts available at this stage of the proceedings.  GC Services' records indicate that it placed seventeen calls to Guajardo from September 1 to November 17, 2007, resulting in four telephone conversations with her.  (Doc. 38, Exh. B at 2.)  According to GC Services, Guajardo initially agreed to repay her debt in two installments, but both of the checks she sent were returned due to insufficient funds, instigating the follow-up calls.  (Doc. 38, ¶8.)  The offensive remarks Guajardo alleges GC Services' employees made to her are certainly unpleasant, but do not clearly rise to the level of abuse or harassment as a matter of law.  Guajardo does not allege that GC Services ever used obscene or profane language, threatened violence, or misrepresented its true purpose in any communication.

Evaluating Plaintiff's evidence on this motion for summary judgment in a light most favorable to the nonmovant GC Services, the Court finds it insufficient to establish that GC Services violated the FDCPA or the corresponding Texas statutes as a matter of law.

IV.  Conclusion

Accordingly, the Court hereby ORDERS that Plaintiff Candy Guajardo's motion for summary judgment (Doc. 34) is DENIED.  It is further ORDERED that

Defendant GC Services, LP's motion in the alternative for a continuance (Doc. 38) is DENIED as moot.

SIGNED at Houston, Texas, this 3rd day of November, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE